UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


HAROLD BLAKELY,

        Plaintiff,                      CIVIL ACTION NO. 08-11908

       v.                             DISTRICT JUDGE JOHN CORBETT O'MEARA

COMMISSIONER OF                MAGISTRATE JUDGE VIRGINIA MORGAN
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

      This is an action for judicial review of the defendant's decision denying plaintiff's application for Social Security disability benefits. Plaintiff, born in 1953, is insured for benefits through December 31, 2011. Plaintiff filed the instant application alleging that he became disabled June 6, 2005, due to carpal tunnel syndrome and a spinal impairment. Plaintiff had a hearing before an ALJ at which he was represented by counsel. After considering the medical evidence and testimony, the ALJ found that plaintiff had "severe impairments" (as defined at step two) of the lumbosacral spine, carpal tunnel syndrome and obesity. (Tr. 22) The ALJ further found that despite the impairments plaintiff retained the ability to perform a restricted range of light work (that which did not involve climbing ropes, ladders or scaffold and did not involve more than occasional kneeling, crouching, crawling or stooping). Plaintiff was 54 years old at the time of the 2007 ALJ's decision, which the ALJ found to be closely approaching

advanced age. He has a high school education and past relevant work as a forklift operator, union committeeman, machine operator, and inspector. (Tr. 16, 278-79) Considering the evidence, including the opinion of the vocational expert, the ALJ found plaintiff not disabled at step four because he could perform his past relevant work as a union committeeman. (Tr. 21, 23 #6) Because the VE was not definitive that the union committeeman fit the profile assessed by the ALJ, the ALJ continued the sequential evaluation process and found that in the alternative plaintiff could perform a number of additional light jobs which existed in significant numbers. Therefore, plaintiff was not "disabled" for the purpose of awarding Title II benefits. (Tr. 22, 23 #7) Plaintiff now appeals. He does not contest the ALJ's conclusion that he could perform the light-level work with the restrictions stated. He alleges only that the ALJ was unclear as to whether he was deciding the issue at step four (able to perform his past work) or at step five (unable to perform his past work but able to perform other light jobs). Plaintiff states that if he could do his past work, it would be difficult for him to receive benefits in the future[1], and that the testimony of the VE does not support a determination that he could do his past work.[2] Therefore, he contends that the ALJ erred as a matter of law. Essentially he argues that the determination that he could perform his past relevant work as a committeeman is not supported by substantial

---

[1] At age 55, if he were unable to perform his past relevant work, the Medical Vocational guidelines would direct of finding of "disabled" if he were limited to light level work. (Plaintiff's brief at 6-7; Government's brief at 6)

[2] It may also be inferred from plaintiff's brief that he is arguing that the union committeeman experience ought not to be counted as past relevant work because plaintiff did not perform it long enough to learn how to do it. See, 20 C.F.R. 404.1560(b)(1). (Government's brief at 6)

evidence.  Defendant contends otherwise.  For the reasons discussed in this Report, it is recommended that the plaintiff's motion for summary judgment be denied, that of the defendant granted, and the decision denying benefits be affirmed.

The issue before the court is whether to affirm the Commissioner's determination.  In Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989), the court held that:

> Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion.  42 U.S.C. §405(g); Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L. Ed. 2d 842 (1971).  Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L. Ed. 2d 126 (1938).  The scope of our review is limited to an examination of the record only.  We do not review the evidence *de novo*, make credibility determinations nor weigh the evidence.  Reynolds v. Secretary of Health and Human Services, 707 F.2d 927 (5th Cir. 1983).

Brainard, 889 F.2d at 681.

To establish a compensable disability under the Social Security Act, a claimant must demonstrate that he is unable to engage in any substantial gainful activity because he has a medically determinable physical or mental impairment that can be expected to result in death or has lasted, or can be expected to last, for at least 12 continuous months.  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a).  If a claimant establishes that he cannot perform his past relevant work, the burden is on the Commissioner to establish that the claimant is not disabled by showing that the claimant has transferable skills which enable him to perform other work in

the national economy.  Preslar v. Secretary of HHS, 14 F.3d 1107 (6th Cir. 1994); Kirk v. Secretary of HHS, 667 F.2d 524, 529 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).

**Plaintiff's Claims:**

Plaintiff argues that the determination to find him not disabled at step four is not supported by substantial evidence.  He does not dispute that he could be found not disabled at step five.  He wishes to either have the matter remanded or a court determination that he is not disabled at step five so that he can file a new application for benefits with an onset date at age 55 and then the Medical-Vocational Guidelines would direct a conclusion of disabled.[3]

This is not a basis for reversal.  The decision must be affirmed if supported by substantial evidence.  A review of the medical evidence and the ALJ's opinion clearly indicates that substantial evidence supports the conclusion that the committeeman position is past relevant work and that plaintiff retained the ability to perform that position.

**Evidence, Hearing Testimony, and ALJ's Decision:**

At the hearing, plaintiff testified that he was unable to work because of problems walking, inability to sit long, and incontinence.  The incontinence was found not to be a severe impairment.  (Tr. 17)  With respect to his daily activities, plaintiff stated that he lives in a home with his wife.  He mows the grass with a power mower (not a riding mower) once or twice a

---

[3]Plaintiff remains free to file a new application for benefits and that application will be determined based on the evidence in the record as of the date of the application's review.  The Commissioner would not be required to find plaintiff capable of returning to his past job based on the current determination.  Any future record could include additional medical evidence, more information regarding the past job requirements, or other information.  Thus, plaintiff's argument that permitting the final decision in the instant case regarding plaintiff's ability to perform his past work would be "unjust" is simply without merit.

week, but afterwards needs to lie down. (Tr. 264-5) He also testified that he drives once or twice a week for short distances. He can walk 30 minutes before the onset of back pain. Although he sometimes uses a cane to walk, it is not prescribed and the ALJ noted that even doctors who favor his disability have indicated that he does not require an assistive device. (Tr. 18)

Medical records indicate that plaintiff saw Dr. Joseph, a doctor at the GM plant, in May, 2005. (Tr. 257) Plaintiff reported low back pain and numbness in his feet. (Tr. 124) The lumbar spine MRI showed normal vertebral alignment but changes to the disc dessication at L4-5. It was interpreted as showing a small left paracentral disc herniation at L4-L5. (Tr. 124) Plaintiff denied radiation of the back pain. He has not had any surgery, stating that he is afraid of back surgery.

A December, 2005 review of the records resulted in a medical opinion that plaintiff could do light work. (Tr. 191-198)

Plaintiff saw Dr. Levin from June 2005 through January 2006 and again in 2007. In January 2006 Dr. Levin diagnosed L5 radiculopathy and carpal tunnel and cubital syndrome. Dr. Levin noted that plaintiff was going to receive total and permanent disability on February 2006. (Tr. 126) Dr. Levin did not provide detailed findings supportive of the diagnosis, and although reporting plaintiff's EMG results, diagnosed the same conditions before and after the study. (Tr. 128, 129) He noted mildly antalgic gait and positive straight leg raising. Dr. Levin referred plaintiff to Dr. Diaz who recommended surgery due to his conclusion that plaintiff had disc space narrowing with disc herniation and compression of the nerve root at L4-5. (Tr. 185-

189)  In February 2007 Dr. Levin's opinion was the same and plaintiff was continued on his Vicodin, Lyrica and Motrin.  (Tr. 209)

Plaintiff saw Dr. Abdullah Raffee on referral from plaintiff's worker's compensation attorney.  In July 2005 it was noted that plaintiff was receiving worker's compensation and continues to have low back pain.  (Tr. 166)  In June 2005 he was on Vicodin.  (Tr. 168)  In January and April 2006, Dr. Raffee's notes show that plaintiff is doing fairly well.  The surgery was rescheduled because plaintiff was doing better, cutting down his Vicodin and was going to "enjoy the summer."  (Tr. 215)  The examination was unremarkable.

Plaintiff saw Dr. Shah in June 2005 through his employer's insurance carrier and to Dr. Shah plaintiff reported a protracted and significant back problem.  Dr. Shah recommended a conservative course of treatment, beginning with physical therapy.  (Tr. 180-181)  X-rays in June 2005 showed mild to moderate arthritis.  (Tr. 183)  Plaintiff has not had back surgery.  (Tr. 268)

The ALJ rejected the opinions of Dr. Levin and Raffee, both offered in check off medical statement forms completed in September 2007 as no submission was associated with objective medical data.  (Tr. 20)  After discussing the medical evidence, the ALJ found that plaintiff was primarily limited by his lumbar spine condition, which plaintiff described as "bad discs."  (Tr. 16)  The carpal tunnel syndrome was borderline and relates only to strength limitations which were taken into account in the limitations imposed on light work.  Plaintiff is 6' 4" tall and weighs 250 to 260 pounds, with some diagnoses in the record of mild to moderate obesity and one of morbid obesity.  Postural limitations included in the restrictions were imposed to address this issue.  (Tr. 17)  The ALJ determined that plaintiff retained the residual functional capacity as

set forth above, including the ability to carry and lift up to 20 pounds occasionally, 10 pounds frequently, sit 6 hours of an 8 hour day, stand or walk for 6 hours of an 8 hour day. These were consistent with a capacity for light work. The ALJ further restricted plaintiff from climbing ladders, ropes, and scaffolds, and from more than occasional kneeling, crawling, crouching or stooping. (Tr. 17, 21) Plaintiff testified that he takes one to three Vicodin a week. The ALJ found his pain not as great as alleged and not disabling. (Tr. 17)

      The ALJ then considered the testimony of the vocational expert regarding plaintiff's work as a union committeeman. The expert testified that it is a light job and the ALJ found that the VE's opinion that plaintiff performed it at a sedentary level was not well grounded given the amount of walking reported by plaintiff. (Tr. 68) Plaintiff performed the job for 16-17 months, based on his work report, although plaintiff testified that he only did it for maybe a year (Tr. 261), and his work history showed that he performed the job for 4 months, but on closer review it appears that it should read 6/1998 to 10/1999, instead of 10/1998. (Tr. 64) Plaintiff testified that he was the alternate for a long time and then took over the job when the committeeman retired. (Tr. 261) He walked 6 hours a day, stood one, and sat 1 hour a day. The heaviest weight was less than ten pounds. (Tr. 68) He was the floor committeeman in three adjacent plants, to which he walked each day. The VE testified that according to the Dictionary of Occupational Titles, the position was described as skilled work involving an SVP of 8, which indicates that it takes four years of vocational preparation to learn the job. (Tr. 279) The ALJ considered this testimony but found that plaintiff performed the work full time for 16 to 17 months, in a field with which he was already familiar though years of personal work experience. As plaintiff

reported his specific duties as union committeeman, he did not use technical knowledge or skills, machines, tools or equipment, although he did write and complete reports and perform similar duties. (Tr. 21, 68)   The ALJ concluded that plaintiff could perform the duties of his past work as union committeeman. Thus, he denied benefits.

He did continue to the next step in the evaluative process, and assumed that if plaintiff could not perform his past work, he could still perform other work. This is an alternative basis for denying benefits, but does not obviate the finding that plaintiff could perform his past relevant work.

Since the decision of the ALJ which denied benefits at step four is supported by substantial evidence, it is recommended that the defendant's motion for summary judgment be granted, that of the plaintiff denied, and the decision denying benefits be affirmed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                         s/Virginia M. Morgan
                                         Virginia M. Morgan
                                         United States Magistrate Judge

Dated: March 6, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on March 6, 2009.

                                         s/Jane Johnson
                                         Case Manager to
                                         Magistrate Judge Virginia M. Morgan